UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff

-vs-                                                                          Case No. 3:22CR131

DLAQUAN CANTRELL,                                Judge Thomas M. Rose

    Defendant

---

ENTRY AND ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER PURSUANT TO 18 U.S.C. 3145(b) (DOC. NO.16)

---

On November 17, 2022, Defendant Dlaquan Cantrell, by and through counsel, filed a Motion to Revoke Detention Order Pursuant to 18 U.S.C. 3145 (b) (Doc. No. 16), requesting that he be released on bond with whatever conditions the Court believes to be appropriate, while this matter is pending. The basis for said Motion is that there are conditions of release which would secure his appearance at trial, and not jeopardize the community's safety or the safety of any other person.  At that time, Assistant Federal Public Defender Cheryll Bennett represented Defendant and AUSA Kelly Rossi represented the Government.

Previously on October 26, 2022, a Complaint was filed charging Defendant with one (1) count of Distribution of Fifty Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, a Schedule II Controlled Substance, and two (2) counts of Distribution of Ten Grams or More of a Mixture or Substance Containing a Detectable Amount of Fentanyl Analogue, a Schedule I Controlled Substance, both in violation of 18 U.S.C.21 U.S.C. 841(a)(1) and 841(b)(1)(B). (Doc. No. 1)  Upon the finding of probable cause, Magistrate Judge Peter Silvain issued an arrest warrant the same day. (Doc. No. 2)  Defendant was arrested and had his initial appearance on October 28, 2022, before Magistrate Judge Peter Silvain and was remanded into custody. Subsequently, on November 2, 2022, Judge Silvain

conducted a detention hearing at which time the Court granted the Government's Motion for Pretrial Detention (Doc. No. 3), finding there were no set of conditions or combination of conditions that would reasonably assure the appearance of the Defendant and the safety of the community.  A Grand Jury, on October 8, 2022, subsequently returned a five (5) count Indictment (Doc. No. 14) against Defendant, consisting of four (4) counts of Distribution of Controlled Substance in violation of 21 U.S.C. 841(a)(1),841(b)(1)(B) and 841(b)(1)(C) and one (1) count of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C.922(g)(1) and 924(a)(8).

On December 6, 2022, the Defendant moved for appointment of new counsel and waving his speedy trial rights. (Doc. No. 19)  On December 19, 2022, the Court granted said motion and appointed Attorney Steven Justice to represent Defendant. The Court also set the Motion to Revoke the Detention Order (Doc. No. 16), previously filed, for hearing on January 6, 2023. This hearing, upon Motion of Defendant (Doc. No. 22), was continued to February 24 and, again, upon the Court's own motion, to March 3, 2023, at which time the Court convened the hearing. At said hearing, counsel for Defendant and counsel for the Government made presentations to the Court.

Based upon the charges against the Defendant and 18 U.S.C. 3142 (e)(3)(A), it is presumed that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community and any other person. The burden is on the Defendant to rebut that presumption.

The Court, in considering this motion must, in the first instance, make an individualized assessment of the following factors identified by the Bail Reform Act 18 U.S.C. 3142: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) and the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.

Counsel for Defendant argues that these offenses involved "small" amounts of controlled substances and that he has not been charged as part of a conspiracy. Further, that this is Defendant's first federal case. However, as discussed on the record, these are not his first drug related offenses. Defendant was convicted of Possession of Heroin, a third-degree felony, and sentenced to two (2) years in state prison on October 31, 2013.  After his release, approximately two (2) years later, in 2015, he was indicted with Possession of Heroin and Cocaine. On

December 18, 2017, he was sentenced to three (3) years in state prison. Defendant was released on parole on November 12, 2020, approximately two (2) years prior to these alleged offenses.

The fact that this Defendant was convicted and sentenced for multiple counts of controlled substance offenses, such as Heroin and Cocaine and now allegedly Methamphetamine and Fentanyl gives the Court grave concerns for the safety of the community. This concern is heightened by the fact that these offenses happened repeatedly over the last ten (10) years, of which he spent approximately half in state prison.

The Court has heard and read that the Defendant has an extensive history of fleeing on numerous occasions when stopped or confronted by law enforcement. The Court has also noted in the Pretrial Report (Doc. No. 9 PageID 37) that after Defendant's conviction for Possession of Heroin and Cocaine on November 3, 2016, the State Court issued a capias for Defendant on January 6, 2017, which was not served until approximately eight (8) months later, on September 28, 2017, prior to the imposition of his three-year sentence. These events give the Court concern as to the likelihood that Defendant would appear as required.

The Defendant, in addition to his argument that the quantity of drugs was small, and his lack of as previous federal case, asserts he is a lifelong resident, has strong family support and a mother who is willing to allow him to live with her on monitoring. Although these are steps which could help address the Court's concern, they are not sufficient to rebut the presumption in this case.

The Court finds Defendant is a danger to the community and a flight risk for which there are no conditions of release that would reasonably assure the safety of the community and the appearance of the Defendant.

Said Motion is DENIED.

IT IS SO ORDERED.

March 20, 2023                                         *s/Thomas M. Rose*
_____        _____
Date                                                          Judge Thomas M. Rose
                                                              United States District Court