UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:22-cr-131 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| DLAQUAN CANTRELL, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING MOTION FOR 3582 SENTENCE
REDUCTION (DOC. NO. 59)**

This case is before the Court on the Motion for 3582 Sentence Reduction (the "Motion") (Doc. No. 59), filed by Defendant Dlaquan Cantrell ("Cantrell"). Cantrell is currently incarcerated at FCI Gilmer in Glenville, West Virginia. He moves the Court, *pro se*, for a reduction in his term of incarceration pursuant to 18 U.S.C. § 3582. (Doc. No. 59 at PageID 512.) It is unclear which provision of Section 3582 Cantrell seeks relief under. However, it is clear that Cantrell takes issue with the Court's inclusion of a prior marijuana conviction when considering his criminal history at sentencing. (*Id.*) For the reasons set forth herein, the Court **DENIES** Cantrell's Motion.

**I. BACKGROUND**

On November 8, 2022, the Government charged Cantrell by Indictment with five criminal counts related to the distribution of controlled substances. (Doc. No. 14 at PageID 45-47.) On September 1, 2023, pursuant to a plea agreement, Cantrell pled guilty to Count 3 of the Indictment: distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Doc. Nos. 28; 29.) The Statement of Facts attached to the Plea Agreement, signed by Cantrell and his attorney, states:

1

In August 2022, the Federal Bureau of Investigation ("FBI") and the Warren County Drug Task Force ("WCDTF") learned that Dlaquan CANTRELL was currently trafficking methamphetamine and fentanyl in the greater Dayton, Ohio area. An undercover officer ("UC") with the WCDTF ultimately conducted four controlled purchases of drugs from CANTRELL in September and October 2022. For example, on October 4, 2022, CANTRELL sold the UC, in exchange for $2,200, 28.214 grams of a substance and mixture containing a detectable amount of fentanyl and fluorofentanyl, and 166.638 grams of a substance and mixture containing a detectable amount of methamphetamine. In total, the UC purchased from CANTRELL approximately 82 grams of a substance and mixture containing a detectable amount of fentanyl and fluorofentanyl; 423 grams of methamphetamine; and 16 grams of cocaine. Fentanyl, methamphetamine, and cocaine are Schedule II controlled substances. Fluorofentanyl, a fentanyl analogue, is a Schedule I controlled substance.

CANTRELL participated in arranging each of these controlled purchases with the UC using FaceTime video calls, voice calls, and/or text messages. For example, during a FaceTime video call to arrange the first controlled purchase, CANTRELL opened a shoebox and showed the UC a large amount of drugs and cash.

Similarly, CANTRELL placed a FaceTime video call to the UC in advance of the third controlled purchase. Prior to this call, surveillance agents saw CANTRELL leave the residence located at 16 Hallwood Avenue, Dayton, Ohio 45417 ("16 Hallwood Avenue"). During the FaceTime video call, the UC saw CANTRELL in what the UC believed was an unknown residence (i.e., a residence other than 16 Hallwood Avenue). During this call, CANTRELL showed the UC drugs that appeared to be methamphetamine and fentanyl.

Using physical and electronic surveillance, agents learned that CANTRELL often stayed overnight at 16 Hallwood Avenue. On October 27, 2022, agents executed a search warrant at 16 Hallwood Avenue and arrested CANTRELL. Agents found the following items, among others, inside the home:

- A Sig Sauer P365 SAS 9mm pistol, bearing serial number 66A539914, loaded with one round of 9mm ammunition;

- A firearm magazine attached to the Sig Sauer pistol;

- A baggie containing approximately 4.9 grams of fentanyl/fentanyl analogue;

- Approximately 272 grams of marijuana total hidden in a Lego box in a child's room and in the living room; and

- Eight cellular telephones, including two belonging to CANTRELL.

(Doc. No. 28 at PageID 103.)  Pertinently, in the Plea Agreement—again, signed by Cantrell and his attorney—Cantrell waived "the right to attack his conviction or sentence collaterally, such as by way of a motion brought under 28 U.S.C. § 2255, or to seek a reduction of sentence under 18 U.S.C. § 3852(c)(1)(B) or (c)(2)."  (*Id.* at PageID 101.)

Prior to sentencing, the Probation Office prepared a Presentence Report ("PSR") for Cantrell.  (Doc. No. 43.)  Among other things, the PSR detailed Cantrell's criminal history pursuant to the United States Sentencing Guidelines for consideration at sentencing.  (*Id.* at PageID 217-24.)  In doing so, the PSR attributed one criminal history point, as defined by U.S.S.G. § 4A1.2, to Cantrell for a 2015 misdemeanor conviction involving his possession of 100 grams of marijuana.  (*Id.* at PageID 224.)  The Court subsequently adopted the PSR's findings in this respect, despite Cantrell's objection.  (Doc. Nos. 44 at PageID 258 (Defendant Dlaquan Cantrell's Sentencing Memorandum); 54 at PageID 453 (Statement of Reasons).)

At sentencing in this case, the Court imposed a 132-month term of incarceration, four years of supervised release with special conditions, and a $100 special assessment.  (Doc. No. 53.)  Cantrell is currently 33 years old and has an anticipated release date of March 19, 2032.  (*See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc (last visited August 2, 2024).)

On June 10, 2024, Cantrell filed the present Motion.  (Doc. No. 59.)  The Government filed its Response in Opposition to Defendant's Pro Se Motion for 3582 Sentence Reduction (Doc. No. 61) on July 16, 2024, and Cantrell filed his reply on August 1, 2024 (Doc. No. 63).  Cantrell's Motion is thus ripe for review and decision.

## II. ANALYSIS

In short, Cantrell objects to the Court's computation of his criminal history score at sentencing, under the United States Sentencing Guidelines. (*See* Doc. No. 59 at PageID 512.) Specifically, Cantrell argues that the Court improperly considered a prior misdemeanor charge for possession of a personal use amount of marijuana when determining Cantrell's sentencing guideline range. (*Id.* at PageID 513.) As stated above, Cantrell previously raised this same objection in his sentencing memorandum. (Doc. No. 44 at PageID 258.)

As a point of order, the Court must determine how to interpret Cantrell's Motion. Again, Cantrell seeks a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582, but does not identify which provision of Section 3582 might entitle him to relief. (Doc. No. 59 at PageID 512.) 18 U.S.C. § 3582(c) authorizes courts to reduce a defendant's term of imprisonment in select circumstances. As potentially applicable to Cantrell, such circumstances include: "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i); "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . .," 18 U.S.C. § 3582(c)(2).

Here, even construing Cantrell's Motion liberally, the Court cannot find any alleged extraordinary and compelling reasons which remotely resemble those anticipated by U.S.S.G. § 1B1.13 to warrant a reduction in Cantrell's term of imprisonment. Further, there have been no changes to the United States Sentencing Guidelines, as contemplated by 18 U.S.C. § 3582(c)(2), since Cantrell was sentenced on February 13, 2024. Although Cantrell invokes recent Amendment 821 of the United States Sentencing Guidelines (Doc. No. 63 at PageID 534), he cannot use the

4

most recent amendment to trigger Section 3582(c)(2) because Amendment 821 was in place at the time Cantrell was sentenced.

Instead, it appears that Cantrell seeks relief under 18 U.S.C. § 3582(c)(1)(B)—and, by extension, Fed. R. Crim. P. 35—for the correction of clear error made in his case at sentencing. Cantrell specifically alleges that "this [C]ourt sentenced [D]efendant based on materially untrue assumption or misinformation, which demonstrates bias and prejudice." (Doc. No. 59 at PageID 513.) He reasserts this principle in his reply, alleging that the Court relied on misinformation provided by the Government at sentencing. (Doc. No. 63 at PageID 533.) The Court finds that Cantrell's argument in this vein indicates his belief that the Court committed the type of clear error to be remedied by Fed. R. Crim. P. 35. Therefore, the Court interprets Cantrell's Motion to seek relief pursuant to 18 U.S.C. § 3582(c)(1)(B).

Having made this determination, the Court must deny Cantrell's Motion for two reasons. First, Fed. R. Crim. P. 35(a) imposes a time bar of 14 days from the date of sentencing on correcting "a sentence that resulted from arithmetical, technical, or other clear error." In this case, Cantrell was sentenced on February 13, 2024. (Doc. No. 52.) He filed the current Motion on June 10, 2024. (Doc. No. 59.) Cantrell's Motion comes nearly four months after being sentenced. Even affording Cantrell a bit of grace, as is customary with *pro se* filings, the Court cannot possibly find that Cantrell has timely filed his Motion pursuant to Fed. R. Crim. P. 35.

Second, and perhaps more importantly for the purposes of the instant *pro se* Motion, Cantrell has waived his right to pursue a reduction in his term of imprisonment under 18 U.S.C. § 3582(c)(1)(B). By plea agreement, signed by Cantrell and his attorney, Cantrell expressly waived his right to challenge his sentence under either 18 U.S.C. §§ 3582(c)(1)(B) or 3582(c)(2). (Doc. No. 28 at PageID 101.) As the Government points out here, the Sixth Circuit has said in no

5

uncertain terms that "where a waiver provision in a valid plea agreement specifically forbids a defendant from challenging his sentence under [18 U.S.C.] § 3582(c), he cannot challenge his sentence under [18 U.S.C.] § 3582(c)." *United States v. Clardy*, 877 F.3d 228, 231 (6th Cir. 2017). Cantrell does not challenge the validity of his plea agreement, and, through that plea agreement, Cantrell expressly waived his right to challenge his sentence in the way his Motion currently does. Accordingly, the Court ultimately **DENIES** Cantrell's Motion as barred by his own waiver. The Court will refrain from any further analysis on the merits of Cantrell's Motion to avoid issuing an impermissible advisory opinion. *Safety Specialty Ins. Co. v. Genessee Cnty. Bd. of Comm'rs.*, 54 F.4th 1014, 1020 (6th Cir. 2022) ("Federal Courts cannot issue advisory opinions") (citation omitted).

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion for 3582 Sentence Reduction (Doc. No. 59).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, August 28, 2024.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE